# In the United States Court of Federal Claims

No. 22-636

Filed: October 11, 2022

_____
)
WALLACE JONES, )
)
      *Plaintiff*, )
)
 v. )
)
THE UNITED STATES, )
)
      *Defendant*. )
_____ )

## ORDER

  The Government moves to dismiss for lack of subject matter jurisdiction because Jones makes a number of tort claims and criminal allegations against the United States and various judges and court officials. ECF No. 9. In addition, the Government moves to dismiss for failure to state a claim relating to claims of spoliation allegedly by court officials in a district court handling other litigation Jones is (or was) involved in there. Following the Government's motion to dismiss, Jones responded with a motion to dismiss under RCFC 41 because he now realizes that he has not exhausted his administrative remedies prior to bringing his tort claims against the United States. ECF No. 13. Given that both parties have now moved to dismiss this action, the Court will do so.

  The only thing the parties still dispute is whether the Court should transfer the case or dismiss it. *See* ECF Nos. 13 and 14. This Court lacks jurisdiction to hear Jones's claims under the Federal Tort Claims Act ("FTCA") because this Court's jurisdiction is limited to "not sounding in tort." 28 U.S.C. § 1491(a)(1). Given that FTCA claims necessarily sound in tort, this Court lacks jurisdiction to hear them. Jones concedes that his exhaustion of administrative relief bars the Court from hearing any of his claims but asks the Court to transfer the case to the proper administrative agency to let his case continue there. ECF No. 13 at 5.

  The governing statute resolves this dispute. According to 28 U.S.C. § 1631, when this Court determines that it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal *to any other such court* . . . in which the action or appeal could have been brought at the time it was filed . . . ." *Id.* (emphasis added). As the emphasized language makes clear, the authority extends to transferring a case to a court, not an administrative agency. And because Jones has failed to exhaust his administrative remedies before bringing his FTCA claims, there is no court in which this action could have been filed when he filed it here. Therefore, the Court cannot transfer this case and will dismiss it in its entirety for lack of subject matter jurisdiction.

For the forgoing reasons, the Court hereby grants the Government's motion to dismiss, ECF No. 9, grants-in-part Jones's motion to dismiss, ECF No. 13, insofar as it seeks dismissal of this action and denies it in all other respects. The Court also grants Jones's motion for leave to proceed in forma pauperis, ECF No. 2.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

s/ Edward H. Meyers<br>
Edward H. Meyers<br>
Judge